UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIE ARNOLD dba DENNIE ARNOLS FARMS,<br><br>    Plaintiff,<br><br>v.<br><br>HELENA CHEMICAL COMPANY, TODD HILLMAN, et al<br><br>    Defendants. | Case No. 4:11-CV-00425-EJL<br><br>**ORDER** |

Before the Court in the above entitled matter is Plaintiff's Motion to Remand. (Dkt. 5.) The parties have filed their responsive briefing and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be

**MEMORANDUM ORDER - 1**

decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Dennie Arnold, doing business as Dennie Arnold Farms, initiated this action in state court alleging causes of action against Defendants Helena Chemical Company, Todd Hillman, Mey Corporation, Albaugh, Incorporated, Cheminova A/S, and Cheminova, Incorporated. (Dkt. 1.) The parties are all diverse with the exception of Mr. Hillman who, like the Plaintiff, is a resident of the state of Idaho. The claims arise out of the Plaintiff's use of an agricultural herbicide purchased from Defendants which, the Plaintiff alleges, caused significant reduction in the yield and quality of the next years potato crops. (Dkt. 1.)

In the Notice of Removal, Helena concedes that Mr. Hillman and Plaintiff are both residence of Idaho and, therefore, non-diverse. (Dkt. 1.) Nevertheless, Helena argues that removal is proper because Mr. Hillman has been fraudulently joined in this action solely for the purpose of destroying diversity jurisdiction. (Dkt. 1.) Plaintiff opposes the removal arguing Mr. Hillman has been properly joined as a party in this action and, therefore, diversity does not exist and the case should be remanded. (Dkt. 5.)

## STANDARD OF LAW

The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, the burden is on the Defendants, as the parties asserting federal jurisdiction, to

establish by clear and convincing evidence the fraudulent nature of the joinder of the non-diverse Defendants. *See, e.g., Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A sham or fraudulent joinder occurs when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1318 (9th Cir. 1998). If "there is any possibility that a claim can be stated against the allegedly 'sham' defendant," then remand is required. *Knutson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983, 995 (D. Nev. 2005) (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Stated another way, "the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F Supp 2d 804, 807 (N.D. Cal. 1998). Obviously, this standard is "more lenient than the standard for motions to dismiss." *Knutson*, 358 F.Supp.2d at 995 (collecting cases). And "a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge. *Id.* at 993 (collecting cases).

## ANALYSIS

In this case, Count One of the Complaint, raises a Negligence claim against Mr. Hillman and Helena alleging the two failed to advise Plaintiff of the danger of using the herbicide near his certified seed potato crop. (Dkt. 1.) Helena argues Plaintiff cannot sustain a claim against Mr. Hillman, separate and apart from his employer, because employees acting within the scope of their employment are not individually liable for a corporation's allegedly

**MEMORANDUM ORDER - 3**

negligent acts. (Dkt. 8 at 2.) Plaintiff counters that its Negligence claim against Mr. Hillman is viable because he specifically directed, sanctioned, or actively participated in the commission of the tort causing injury to Plaintiff; to-wit Mr. Hillman was the Plaintiff's principal contact for Helena and the only person Plaintiff dealt with in purchasing and applying the chemical.

After reviewing the Plaintiff's Complaint, the Court finds that the claims against Mr. Hillman may be viable. (Dkt. 1.) The Complaint alleges Mr. Hillman was employed by Helena as an Agricultural Chemical Consultant to provide consultation services to area farmers and is licensed by the State of Idaho. (Dkt. 1.) Plaintiff contacted Mr. Hillman at Helena to inquire about applying an agricultural herbicide to Plaintiff's wheat crop to control weeds in advance of the harvest. Mr. Hillman allegedly knew Plaintiff had certified seed potatoes growing in fields adjacent to or nearby some of their wheat fields but still recommended Plaintiff purchase and apply the herbicide by airplane. In reliance on that recommendation, Plaintiff states they purchased the herbicide and applied it to their wheat crops using an aerial applicator in the fall of 2009. Plaintiff alleges the following spring the seed potatoes had been damaged by the herbicide causing significant reduction in the yield and quality of the 2010 potato crops.

The parties dispute whether or not Mr. Hillman owed Plaintiff any duty. Plaintiff maintains Mr. Hillman owed them a duty of care separate and apart from that owed to them by Helena. The claim is based upon Plaintiff's allegations that it had an ongoing relationship with Mr. Hillman upon whose advice it relied in making decisions regarding the use and

**MEMORANDUM ORDER - 4**

purchase of fertilizer, herbicides, and fungicides. (Dkt. 11.) Because of this relationship, Plaintiff argues, Mr. Hillman was aware of the crops it grew and failed to warn Plaintiff of the danger of the herbicide to his certified seed potatoes. Helena counters that Mr. Hillman was acting withing the confines of his job and, therefore, cannot be found independently liable; no special relationship or fiduciary duty existed between Mr. Hillman and Plaintiff that would give rise to a negligence duty. (Dkt. 8 at 7.)

Plaintiff points to *Adams v. Krueger* and *Wise v. Fiberglass Systems, Inc.* to support their argument that an employee has individual liability when he specifically directs, sanctions, or actively participates in committing a tort causing injury. (Dkt. 6 at 3.)[1] In *Adams*, the Idaho Supreme Court considered the principles of comparative negligence and vicarious liability in the context of a missed diagnosis by a nurse-practitioner, the employee, and doctor, the employer. 856 P.2d 864, 865 (Idaho 1993). In *Wise*, the driver of a private vehicle sued the owner-employer of a truck and the driver-employee with whom the driver had collided. 718 P.2d 1178 (Idaho 1986). The case proceeded to trial. The Idaho Supreme Court held it was appropriate for the district court to refuse to allow the plaintiff to present evidence of his theories of independent negligence against the employer where the employer had admitted liability of the employee under the doctrine of respondent superior.

---

[1] Plaintiff similarly points to an old Ninth Circuit case, *Smith v. Southern Pacific Company*, wherein the court considered whether the employee-conductor of a train was fraudulently joined in the complaint along with his employer-owner of the train. 187 F.2d 397 (9th Cir. 1951). There, the Ninth Circuit found the employee-conductor owed a duty of care when operating a train across a public highway such that the complaint had stated a claim against the employee separate from his employment obligation.

**MEMORANDUM ORDER - 5**

Helena argues these cases are different in that they stand only for the proposition that employees who commit separate tortious acts during the course and scope of their employment are held liable for the individual actions and the employer may also be liable under respondeat superior liability. (Dkt. 8 at 4.) Helena seems to agree that an agent/employee is liable for his or her own torts regardless of whether or not the employer is liable. (Dkt. 8 at 7); *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 131 Cal.Rptr.2d 777 (2003) (under California law "an agent or employee is always liable for his own torts, wether his employer is liable or not). Here, however, Helena asserts the allegations against Mr. Hillman are not that he committed a separate tort, for which he may be independently liable, but, instead, that his allegedly violatiave actions were done within the course and scope of his employment.

In support of its position, Helena point to an Eastern District of California case, *Nasrawi v. Buck Consultants, LLC*, where the court found an individual employee acting in the course and scope of his employment, owed a duty only to his employer but not the customer. 713 F.Supp.2d 1080 (E.D. Cal. 2010). So too here, Helena asserts there is no allegation of any special relationship or fiduciary duty owed by Mr. Hillman to Plaintiff which would give rise to a negligence claim. (Dkt. 8 at 7.)

The outcome of the *Nasrawi* case cited by Helena changed, however, when the court subsequently granted a renewed motion to remand after the plaintiffs filed a second amended complaint. *See Nasrawi v. Buck Consultants, LLC*, 776 F.Supp.2d 1166, 1175-76 (E.D. Cal. 2011). There, the court concluded the new allegations were sufficient to state a claim against

**MEMORANDUM ORDER - 6**

the employee based on actions taken within the course and scope of his employment and because the state law was unsettled. *Id.* at 1176-77. Though some what factually different from *Nasrawi*, the Court similarly finds the Plaintiff here has alleged facts which give rise to a legitimate dispute as to whether Mr. Hillman owed a duty to Plaintiff so as to give rise to a negligence claim separate from Helena.

The Complaint makes allegations against Mr. Hillman's particular involvement in the alleged negligent actions. (Dkt. 1.) The Complaint alleges Mr. Hillman and Helena were each negligent in holding themselves out as experts regarding agricultural chemicals and knew or should have known the Plaintiff relied up on their advice. Plaintiff alleges, Mr. Hillman owed a duty to exercise reasonable care when making recommendations to Plaintiff and he breached that duty because he knew or should have known Plaintiff's certified seed potato fields were located adjacent to or near some of the wheat fields and that they were highly sensitive to any drift from the herbicide. (Dkt. 1-2 at 5.) As a result, Plaintiff asserts their seed potatoes were damaged by the drift from the herbicide.

Helena clearly disputes Mr. Hillman's involvement and liability concerning the transactions with the Plaintiff. (Dkt. 8 at 2-3 and 8-1.) Though such arguments may be substantive defenses to a negligence claim, it does not clearly show no negligence claim can be made against Mr. Hillman. A negligence action against an employee can exist based on actions taken during and in the scope of ones employment. "[A]n employee who tortiously causes injury to a third person may be held personally liable to that person regardless of whether he or she committed the tort while acting within the scope of employment."

**MEMORANDUM ORDER - 7**

*Eastwood v. Horse Harbor Foundation, Inc.*, 241 P.3d 1256, 1267 (Wash. 2010) (quoting 27 Am.Jur.2d Employment Relationship § 409 (2004)); *accord Finney v. Farmers Ins. Co.*, 92 Wash.2d 748, 754, 600 P.2d 1272 (1979) (stating that a principal and an agent "are jointly and severally liable for all damages suffered by a plaintiff who has been injured as a result of the agent's negligence").

Based on the foregoing, the Court concludes Helena has not satisfied its burden of showing by clear and convincing evidence that there is no possibility the Plaintiffs will be able to adequately plead this cause of action against Mr. Hillman. *See Nasrawi*, 776 F.Supp.2d at 1176 (citing cases). That is what is required for the Helena to demonstrate that the Plaintiffs have fraudulently joined Mr. Hillman to this action. "To the extent a relatively close question is presented, the Ninth Circuit requires 'any doubts about removability [be] resolved in favor of remanding the case to state court.'" *Id.* (citation and quotation omitted). Though Helena may very well prevail on a later motion to dismiss the claims alleged against Mr. Hillman, this Court must first determine whether jurisdiction is proper before it can decide the substance of the parties claims. *See also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). These are two separate inquires. Regrettably here, the Court has determined the case should be remanded and, therefore, the substantive issues must be resolved by the state Court.

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY**

**MEMORANDUM ORDER - 8**

**ORDERED** that Plaintiff's Motion to Remand (Dkt. 5) is **GRANTED**, and the above-entitled action is remanded to the district court of the Seventh Judicial District of the State of Idaho, In and For the County of Teton, No. CV11-355; and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court forthwith.

DATED: **December 19, 2011**

*[signature]*

~~Honor~~able Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 9**